**In re SIMPLIFIED DATA PROCESS-ING SYSTEMS, Debtor.**

**Bankruptcy No. 882–81692–16.**

United States Bankruptcy Court,
E.D. New York,
at Westbury.

Aug. 30, 1985.

Marvin A. Holland, Holland & Zinker, Smithtown, N.Y., for trustee.

Christopher J. Badum, Halpern, Halpern, Axelrod, Kirschenbaum & Philips, P.C., Mineola, N.Y., for Extebank.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard upon the motion of Extebank, a creditor of the Chapter 7 debtor herein. Extebank moved the court to direct the trustee of debtor's estate to turn over the proceeds of a sale of debtor's computer equipment in which the bank claimed a secured interest. The trustee refuses to turn over the proceeds because Extebank spurned his demand for serial numbers of the component parts of the computers. The court finds that the trustee's demand for serial numbers of component parts is unreasonable and hereby grants the motion of Extebank.

## FACTS

On June 27, 1980, debtor executed a promissory note secured by a "Prime 550" computer, a "Prime 650" computer, and other property. The computers were identified in a security agreement as follows:

| Quantity | Description | Model Number | Serial Number |
|---|---|---|---|
| 1 | Prime 650 System | | FRI46 |
| | 1 CPU | | $181,700 |
| | 1 ¾ MB Cove | | |
| | 3 AMLC'S | | |
| | 1 80 MB Disk Drive | | |
| | 1 Printonix Printer | | |
| | 1 800/1000 BBI, 75 IPS Tape Drive | | |
| 1 | Prime 550 CPU | 550–OMB | |

The security agreement also lists "substitutions and replacements" of the itemized collateral.

On May 1, 1984, debtor declared bankruptcy and on June 13, 1984, the trustee sold the two computers for $34,470. The trustee also sold the debtor's Prime 1000 Computer and gave the proceeds to Prime Computer Company, the secured creditor of the "1000" system.

Debtor owes Extebank about $85,000.00 on the promissory note, but, the trustee refuses to turnover the proceeds of the sale of the computers because, as stated in the trustee's answer:

> Applicant bank has not met its burden of demonstrating that the sale price obtained by the auctioneer for the sale of the 550 Prime Computer and the sales [sic] price obtained by the auctioneer for the sale of the Prime 650 Computer were for the sale of assets upon which the applicant Bank had its lien.

## DISCUSSION

The validity of Extebank's secured claim is governed by Article 9 of Uniform Commercial Code. The issue presented by the trustee is whether the description of the computers in the security agreement complies with § 9–110 of the U.C.C. governing "Sufficiency of Description". U.C.C. § 9–110 states:

> For the purposes of this article any description of personal property ... is sufficient whether or not it is specific if it reasonably identifies what is described.

Extebank argues that because debtor had only one Prime 550 and one Prime 650 system, sufficient notice was given that Extebank had an interest in those computers. The trustee argues that even though debtor had only one of each computer system, the model numbers are misleading because various parts may have been interchanged among the Prime 1000, Prime 650, and Prime 550 systems.

The court holds that even if cannabilization of parts created uncertainty, the description of the property in the security agreement is sufficient to identify the property because Extebank listed a security interest in substituted and replacement parts. Although the Prime 450 and Prime 550 might contain Prime 1000 parts, and vice versa, neither Prime Computer Company nor Extebank has expressed misgivings with the terms of the trustee's sale.

Therefore, the trustee is ordered forthwith to pay Extebank the sum of $34,470.00 plus interest of 9% from the date of sale, representing the proceeds of the sale.

So Ordered.